## GLOBAL HEALTH 2000, INC., Plaintiff,

v.

## PFIZER INC., Defendant.

### Civil Action No. 06–10979–NMG.

United States District Court, D. Massachusetts.

Jan. 14, 2008.

Elliott M. Loew, Elliott M. Loew, P.C., Newton, MA, for Plaintiff.

Mark S. Cheffo, Skadden, Arps, Slate, Meagher & Flom LLP, New York City, Kevin M. Colmey, Cherie M. Bosarge Dutton, Scott P. Fink, Paul E. Summit, Sullivan & Worcester LLP, Boston, MA, for Defendant.

## MEMORANDUM & ORDER

GORTON, District Judge.

Action for breach of contract and unjust enrichment brought by Global Health 2000, Inc. ("Global Health") a website operator against Pfizer Inc. ("Pfizer") which had previously purchased advertising space from it in 1999. Global Health alleges that the parties entered into oral contracts for continued advertising in 2000 and 2001 which it performed but for which Pfizer refused to pay. Before the Court is Pfizer's motion for summary judgment.

### I. *Background*

In late 1998, the parties entered into a written Project Approval ("the Project Approval" or "the Agreement") under which Pfizer paid Global Health $25,000 for each of two product advertisements to be displayed on Global Health's website through the year 1999. Global Health alleges that in early January, 2000, its President, Dr. Mukesh Hariawala ("Hariawala") had a telephone conversation with Amit Barniv, Pfizer's director of internet marketing, during which the two agreed that Global Health would continue to display Pfizer's advertisements throughout 2000, for a fee of $50,000 per advertisement. Plaintiff also alleges that a similar conversation took place in November, 2000, with respect to the year 2001.

Pfizer denies that those conversations ever took place. It asserts further that even if they did that fact is immaterial because such extensions would constitute a modification or amendment of the original Project Approval. That Agreement provides that

> Should there be a need to exceed the project's original cost, any such change must be approved in advance by Pfizer in writing. It is your responsibility to contact Pfizer as soon as you are aware of a potential overage. Pfizer will not feel obligated to pay for any work performed without such written advance approval.

According to Pfizer, that language precludes any oral agreement to extend the advertising relationship between the two parties.

## II. *Analysis*

### A. Factual Question

■ Global Health's evidence of the alleged conversations rests heavily on the testimony of Hariawala. Although that evidence is, therefore, underwhelming, it is sufficient to foreclose Pfizer from meeting its summary judgment burden of proving that there exists "no genuine issue of material fact" surrounding whether the conversations ever took place. Fed.R.Civ.P. 56(c).

### B. Contract Interpretation

■ Pfizer's second contention is that the language cited from the Project Approval that any modification resulting in increased cost "must be approved in advance by Pfizer .in writing" precludes any oral extension of the contract as alleged in this case. Global Health counters that the Project Approval was an agreement governing the time-limited project of advertisements in 1999, and that the language about "overages" applies to excess costs within that limited period only. Global Health's position is marginally more persuasive, i.e. the Agreement governed a limited engagement between the parties and the oral agreements, if any, were separate agreements.

### C. Statute of Frauds

■ The Statute of Frauds, M.G.L. c. 259 § 1, requires that any service contract that cannot be fully performed within one year of its making must be reduced to writing to be enforceable. Because the second conversation that allegedly constitutes an oral contract for advertising services through December 31, 2001, took place in November, 2000, it cannot be the basis for such a contract by virtue of the Statute of Frauds. Because Global Health pleads only one count of breach of contract, summary judgment on that count remains inappropriate, but plaintiff will, nonetheless, be unable to recover contract damages on that account.

## ORDER

Because 1) there remain genuine issues of material fact with respect to whether the alleged telephone conversations took place and 2) the original Project Agreement does not preclude the parties from entering into future oral contracts, Pfizer's motion for summary judgment (Docket No. 16) is **DENIED.**

**So ordered.**